IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MLADEN MILJAS, | ) Case No. 4:20-cv-00320-SMR-CFB |
| Plaintiff, | ) |
| v. | ) |
| GREG COHEN PROMOTIONS, LLC, and GREG COHEN | ) ORDER DENYING EXPEDITED BRIEFING ON MOTION FOR PRELIMINARY INJUNCTION |
| Defendants. | ) |

On October 15, 2020, Plaintiff Mladen Miljas filed suit against Defendants Greg Cohen Promotions, LLC and Greg Cohen alleging a variety of state law claims arising out of a promotional agreement between the two parties. [ECF No. 7].

Presently before the Court is Plaintiff's Motion for a Preliminary Injunction, filed on December 22, 2020. [ECF No. 11]; *see* Fed. R. Civ. P. 65. Plaintiff requests a preliminary injunction prohibiting Defendants from "abusing, harassing, intimidating, molesting, interfering with, or menacing" Plaintiff; "contacting any third parties at all with the intent to persuade them to terminate or cancel any existing business relationships or contracts with" Plaintiff; "making false or defamatory statements" against Plaintiff; or engaging in any other conducted complained of in the Complaint. *Id.* at 1.

Injunctive relief is an extraordinary remedy. Plaintiff, as the moving party, bear the burden of demonstrating (1) the probability or likelihood of success on the merits, (2) the threat of irreparable harm or injury absent the injunction, (3) that the balance of harm from the issuance of the injunction weighs in favor of Plaintiffs, and (4) the public interest weighs in favor of injunctive relief. *See*

*Dataphase Sys., Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir.1981) (en banc). Courts exercise their discretion to "flexibly weigh the case's particular circumstances to determine 'whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined.'" *Calvin Klein Cosmetics Corp. v. Lenox Labs, Inc.*, 815 F.2d 500, 503 (8th Cir. 1987) (quoting *Dataphase*, 640 F.2d at 113)). Though no single factor is dispositive, *Baker Elec. Co-op., Inc. v. Chaske*, 28 F.3d 1466, 1572 (8th Cir. 1994), "failure to show irreparable harm is, by itself, a sufficient ground upon which to deny [injunctive relief]," *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418(8th Cir. 1987).

The Court appreciates that Plaintiff's claims may require interim relief. However, Defendants have a pending Motion to Dismiss, [ECF No. 8], which questions whether the Court has jurisdiction over this case. The parties filed a joint motion to extend time to file a resistance to Defendants' Motion to Dismiss on December 12, 2020, [ECF No. 8], which the Court granted, [ECF No. 9]. Plaintiffs have until January 4, 2021 to file a resistance to the Motion to Dismiss. *Id*. Until the Court can determine if it has jurisdiction in this matter, it would be inappropriate to consider injunctive relief on an expedited basis, especially in light of the parties' joint request for the Court to extend deadlines only five days prior to the filing of a motion for injunctive relief. Plaintiffs request for expedited briefing is DENIED. Deadlines for responses will remain as reflected on the docket.

IT IS SO ORDERED.

Dated this 28th day of December, 2020.

_____
STEPHANIE M. ROSE, JUDGE
UNITED STATES DISTRICT COURT