IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MLDEN MILJAS,<br><br>   Plaintiffs,<br><br>v.<br><br>GREG COHEN PROMOTIONS, LLC and<br>GREG COHEN,<br><br>   Defendants. | Case No. 20-cv-00320<br><br><br>**DEFENDANTS' RESPONSE TO<br>ORDER TO SHOW CAUSE** |

**COME NOW** the Defendants, Greg Cohen Promotions, LLC and Greg Cohen, by and through undersigned counsel, and for their Response to the Court's Order to Show Cause, state as follows:

As explained more fully in the supporting declarations of counsel filed contemporaneously herewith, undersigned counsel, and more specifically, Mr. Lillwitz, made a mistake in interpreting the Court's December 28, 2020 Order. [DN 12]. This mistake was compounded by the fact that Mr. Lillwitz failed to confirm his then understanding of the Court's Order with opposing counsel. Defendants were expecting to fully brief the Plaintiff's request for preliminary injunction after Defendants' motion to dismiss had been resolved.

Defendants apologize to the Court for their mistake, but in good faith did not previously believe their response to the request for preliminary injunction was untimely. Accordingly, Defendants respectfully request the Court consider their response, filed

Thursday, February 11, 2021 [DN 18], when ruling on Plaintiff's request for preliminary injunction.

WHEREFORE, Defendants respectfully request the Court consider this good-faith response, including the declarations filed contemporaneously herewith, to the Order to Show Cause, and further respectfully request the Court consider Defendants' response when ruling on Plaintiff's request for preliminary injunction.

BRADSHAW, FOWLER, PROCTOR & FAIRGRAVE, P.C.

By: _____*/s/ Timothy N. Lillwitz*_____
Timothy N. Lillwitz  AT0008904
801 Grand Avenue, Suite 3700
Des Moines, IA  50309-8004
Phone:  (515) 246-5898
Fax:  (515) 246-5808
E-Mail:  lillwitz.timothy@bradshawlaw.com

By: _____*/s/ David A. Schrader*_____
David A. Schrader  (Pro Hac Vice pending)
Paykin Krieg & Adams, LLP
155 East 44th Street, 6th Fl.
New York, New York  10017
Phone:  (347) 879-2345
E-Mail:  dschrader@pka-law.com

**ATTORNEYS FOR DEFENDANTS**

Copy to:

Michael A. Dee
Brian S. McCormac
Thomas D. Story
Brown, Winick, Graves, Gross,
Baskerville & Schoenbaum, P.L.C.
666 Grand Avenue, Suite 2000
Des Moines, IA  50309-2510
E-Mail:  michael.dee@brownwinick.com
E-Mail:  brian.mccormac@brownwinick.com
e-Mail:  thomas.story@brownwinick.com
ATTORNEYS FOR PLAINTIFF

---

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by serving the same on such attorney at his/her respective mailing/email address as disclosed by the pleadings of record herein, on the 15th day of February, 2021, by:

☐ US MAIL          ☐ EMAIL
☐ EDMS             ☒ CM/ECF
☐ SHAREFILE        ☐ OTHER

_____
                    /s/ Lucy Anderson

---

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MLADEN MILJAS,<br><br>          Plaintiff,<br><br>v.<br><br>GREG COHEN PROMOTIONS, LLC,<br>and, GREG COHEN,<br><br>          Defendants. | Case No. 4:20-cv-00320-SMR-CFB<br><br><br><br><br>DECLARATION OF TIMOTHY N.<br>LILLWITZ IN RESPONSE TO THE<br>ORDER TO SHOW CAUSE OF THE<br>COURT |

I, TIMOTHY N. LILLWITZ, declare under penalty of perjury, pursuant to 28 U.S.C. 1746, as follows:

1.      I am an attorney licensed to practice law in the state court of Iowa, the United States District Court for the Southern District of Iowa, the United States District Court for the Northern District of Iowa, and the Eighth Circuit Court of Appeals.  I have been retained by Defendants in this matter in the role of local counsel, and have been working with attorney David Schrader in that capacity.

2.      On December 28, 2020, the Court issued a written Order [DN 12] denying Plaintiff's request for expedited briefing on a recently filed request for preliminary injunction.  Therein, the Court stated that it would not consider the request for preliminary injunctive relief until after resolution of the Defendants' motion to dismiss already on file with the Court at that time.  [DN 8].

3.      The conclusion of the Court's December 28, 2020 Order stated, "[d]eadlines for responses will remain as reflected on the docket." I interpreted this sentence as referring to the deadlines for the pending motion to dismiss as those deadlines had just been set by the Court and the Court, in my interpretation, wanted to resolve that motion before taking up the request for preliminary injunction. Additionally, because Defendants had not requested oral argument on the motion to dismiss, I calculated that the Court would expeditiously rule on that motion after the briefing was complete. Then, thereafter, the Court would have to set an evidentiary hearing on the request for preliminary injunction and, as is typical in my experience, a briefing schedule on that second motion could be finalized in advance of the hearing. Also in my experience, the Court's attendant will reach out to counsel to discuss potential hearing dates and times.

4.      Accordingly, when I spoke with Mr. Schrader regarding the Court's December 28, 2020 Order, I advised him of my interpretation and further advised him that he should focus on completing Defendants' Reply in support of its motion to dismiss, and then after the Court would rule on the motion to dismiss, Defendants could turn their focus to the request for preliminary injunction, if necessary.

5.      I sincerely apologize to the Court and opposing counsel for my misinterpretation of the Court's December 28, 2020 Order. In retrospect, I should have reached out to Mr. Dee and/or Mr. McCormac to confirm both sides had the same understanding of the Court's Order. If I had done so, this confusion likely could have been avoided and the briefing on the request for preliminary injunction could have been completed in an orderly fashion.

6. On Saturday, February 6, 2021, I received a CM/ECF notice of the Court's Order which set a hearing date for both the pending motion to dismiss and the preliminary injunction motion for February 12, 2021. [DN 15]. I sent an e-mail to Mr. Dee and Mr. McCormac to ask if either of them were available to discuss the Order on Monday morning.

7. On Monday morning, February 8, 2021, I spoke with Mr. Dee. I advised him of my interpretation of the Court's Order and he explained his different, and correct, interpretation. I also explained to him my potential conflict with the February 12, 2021 hearing date as I was beginning a bench trial in the Iowa District Court for Polk County on Tuesday, February 9, 2021. Graciously, and with his usual professional courtesy, Mr. Dee offered to conference in the Court's attendant to resolve the scheduling conflict. Additionally, Mr. Dee said that if Defendants were to file a response to the request for preliminary injunction sometime that week, Plaintiff would not seek to strike the same, but would need enough time to file a reply. I advised Mr. Dee that I would have Mr. Schrader or an associate from my office work with him on that arrangement as I would be unavailable and in trial the rest of the week.

8. Subsequently that morning, the Court continued the subject hearing to Tuesday, February 16, 2020. [DN 16].

9. On behalf of Defendants, I again apologize to the Court for my misunderstanding as to the Court's expectation on the submission of a response to the request for preliminary injunction. I should have confirmed my mistaken understanding with opposing counsel and the Court, if necessary. I did not intend to disregard the

-3-

deadlines as set forth in the Local Rules.  Further, I did not intend to disrespect or create additional work for either the Court or opposing counsel.  To the extent the Court or opposing counsel needs Defendants' cooperation to resolve any outstanding issues created by my mistake, I would, of course, offer the same.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on February 15, 2021.

Timothy N. Lillwitz

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MLADEN MILJAS,<br><br>          Plaintiff,<br><br>v.<br><br>GREG COHEN PROMOTIONS, LLC,<br>and, GREG COHEN,<br><br>          Defendants. | Case No. 4:20-cv-00320-SMR-CFB<br><br><br><br><br>DECLARATION OF DAVID A.<br>SCHRADER IN RESPONSE TO THE<br>ORDER TO SHOW CAUSE OF THE<br>COURT |

I, DAVID SCHRADER, declare under penalty of perjury, pursuant to 28 U.S.C.
1746, as follows:

1.      I am an attorney at law in the State of New York and New Jersey and an
outside general counsel to defendant Greg Cohen Promotions, LLC ("GCP"). I have
been assisting GCP in connection with this litigation through our local counsel Timothy
Lillwitz of Bradshaw Fowler Proctor & Fairgrave, P.C. I have currently applied for pro
hac admission in this matter.

2.      As an initial matter, we apologize to the Court for not meeting the filing
deadline expected by the Court in connection with the preliminary injunction motion.
The motion was originally filed with the Court on December 22, 2020 [DN 11]. In
connection with the motion, the plaintiff requested expedited briefing. On December

28, 2020, the Court issued a written Order [DN 12] denying expedited briefing and ruled that the Court would not consider the request for preliminary injunctive relief until after the earlier filed Motion to Dismiss was resolved.  [DN 8]

3.      When this Order was issued, I had several conversations with Mr. Lillwitz, our local counsel, who advised us that in his opinion we did not need to submit opposition to the preliminary injunction motion until after the motion to dismiss was resolved or alternatively after the Court notified us of a hearing and briefing schedule for the preliminary injunction motion.  While the Order further stated that "[d]eadlines for responses will remain as reflected on the docket," Mr. Lillwitz advised us that his belief was that phrase was related to the pending deadlines on the motion to dismiss.  It is apparent that Mr. Lillwitz was incorrect in his reading of the Court's Order.  We assure the Court that no disrespect was intended and that the defendants believed they were following the Court's local rules and procedures.

4.      On February 3, 2021, the Court issued an Order which set a hearing date for both the pending motion to dismiss and the preliminary injunction motion for February 12, 2021.  [DN 15].  When Mr. Lillwitz advised me of this Order, we were both surprised and recognized that we needed to promptly file opposition to the preliminary injunction motion.

5.      On Monday morning, February 8, 2021, Mr. Lillwitz informed us that he called plaintiff's counsel, Michael Dee, and spoke with Mr. Dee about Defendants' intention to quickly file a response to the motion for preliminary injunction and the agreement amongst counsel that, if possible, the hearing could be continued to the

following week to allow for the defendants' response and a brief reply by plaintiff. Soon thereafter, a revised Order was issued by the Court resetting the subject hearing for Tuesday, February 16, 2021. [DN 16].

6.      Subsequently, I had personal communications with Michael Dee by telephone and email where the defendants agreed to provide plaintiff with our resistance papers by midday on Thursday, February 11, 2021. This would give plaintiff time to prepare any reply papers.

7.      We again apologize to the Court for our misunderstanding as to the Court's expectation on the submission of resistance papers to the motion. No disrespect was intended and we believed we were in compliance with the briefing requirements. We did not intend to burden any of the parties or the Court and we addressed the situation with counsel to work out a workable briefing schedule. To the extent that the Court needs additional time to properly consider the papers submitted by counsel, we would of course consent to any alternative scheduling set by the Court.

I certify under penalty of perjury that the foregoing is true and correct. Executed on February 15, 2021.

David Schrader
David A. Schrader