IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MLADEN MILJAS<br><br>    Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>GREG COHEN PROMOTIONS, LLC, and GREG COHEN<br><br>    Defendants, and, with respect to Greg Cohen Promotions, LLC, Counterclaim Plaintiff. | NO. 4:20-cv-320-SMR-CFB<br><br>**PLAINTIFF/COUNTERCLAIM DEFENDANT'S MOTION FOR DISCOVERY SANCTIONS** |

Plaintiff/Counterclaim Defendant Mladen Miljas ("Plaintiff," or "Mladen") hereby moves for sanctions against Defendant/Counterclaim Plaintiff Greg Cohen Promotions, LLC and Defendant Greg Cohen (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure 37(c)(1) for failing to make pretrial disclosures in the time provided by Rule 26(a), and to prohibit Defendants from presenting testimony from the witnesses untimely disclosed and to prohibit Defendants further from offering into evidence the exhibits untimely disclosed, stating as follows in support:

1.    Trial in this matter is scheduled to begin on September 12, 2022.[1] (Scheduling and Trial Setting Order (Doc. 66)).

---

[1] The Court has made the parties aware of a scheduling conflict that may necessitate the continuance of trial, absent the parties' agreement to trial overseen by magistrate pursuant to 28 U.S.C. § 636(c). The matter of the trial date will be discussed during an upcoming status conference and is outside of the scope of this Motion. The trial date is noted here for its impact on the deadlines applicable to this case.

1

2. Federal Rule of Civil Procedure 26(a)(3)(A) provides that each party "must provide to the other parties and promptly file" an identification of the witnesses they expect to present and the exhibits they expect to offer.

3. The Local Rules of the United States District Courts for the Northern and Southern Districts of Iowa modify the time in which these disclosures must be made. Specifically, Local Rule 16A(c) states: "The pretrial disclosure of witnesses and exhibits required by Local Rule 83E and Federal Rule of Civil Procedure 26(a)(3)(A) must be served at least 21 days before the final pretrial conference."

4. The Court has scheduled a Final Pretrial Conference for August 31. (Doc. 66).

5. Twenty-one days before August 31 fell on Wednesday, August 10.

6. Defendants did not make the required disclosures until Monday, August 15.

7. On that date, Defendants' counsel submitted to Plaintiff's counsel, via email attached hereto as Exhibit A, a witness list and exhibit list, attached hereto as Exhibits B and C, respectively.

8. Federal Rule 37(c)(1) provides: "If a party fails to provide information or identify a witness as required by [this Rule], the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."

9. Local Rule 83E(b) adds: "No exhibit will be admitted into evidence at trial (other than those essential to rebuttal or impeachment) that is not disclosed to the opposing parties as required by this rule; by Local Rule 16A(c), by Federal Rule of Civil Procedure 26(a)(3)(A)(iii), or by the orders of the court, unless good cause is shown for the failure to disclose."

10. In short, "[t]he disclosure mandates in Rule 26 are given teeth by the threat of sanctions in Rule 37." *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702 (8th

...
...

Cir. 2018). Compliance with these deadlines is "required . . . without any motion to compel." *Johnson v. Land O' Lakes, Inc.*, No. C 96–3079–MWB, 1998 WL 34114099, *3 n. 3 (N.D. Iowa Aug. 19, 1998).

11. Exclusion from trial is "the default, automatic sanction" for failing to make a disclosure in the time provided. *Colebrook v. Kentucky Dept. of Motor Vehicle Enforcement*, No. 08–110–JGW, 2011 WL 573820, *3 (E.D. Ky. Feb. 15, 2011).

12. The burden of establishing an exception applies, that substantial justification or harmlessness exists, "is upon the party who is claimed to have failed to make the required disclosure." *Jackson v. Union Pacific Railroad Company*, No. 4:19–cv–00069–RGE–RAW, 2021 WL 1726895, *5 (S.D. Iowa March 29, 2021) (quoting *United States v. Stable, inc.*, No. 8:11CV2744, 2013 WL 2250279, at *7 (D. Neb. May 21, 2013)).

13. Defendants have offered no justification for their untimeliness.

14. Defendants did not request an extension of this deadline.

15. Defendants did not otherwise notify Plaintiff or his counsel that they expected their disclosures to be late.

16. With the exception of the parties, Greg Cohen and Mladen Miljas, none of the individuals identified in Defendants' Trial Witness List appear on Plaintiff's Trial Witness List, filed at Document 111.

17. With the exception of the contract at the center of this dispute, the Promotional Agreement, and potentially certain text and email exchanges between the parties, none of the exhibits identified in Defendants' Exhibit List appear on Plaintiff's Trial Exhibit List, filed at Document 110.

18.     Due to their failure to make pretrial disclosures of witnesses and exhibits in compliance with the Federal and Local Rules of this Court, Defendants are prohibited from presenting such testimony or offering such evidence at trial in this matter. Necessarily excluded from this prohibition are those witnesses and exhibits appearing upon Plaintiff's timely filed Trial Witness and Exhibit Lists.

Accordingly, Plaintiff respectfully requests an order prohibiting Defendants from presenting testimony from those witnesses identified in their Trial Witness List at trial, and from offering those documents identified in their Trial Exhibit List at trial, with the exception of those witnesses and exhibits who or which appear also on Plaintiff's Trial Witness and Exhibit Lists, as sanction for Defendants' failure to make timely disclosures, and granting all such other and further relief as this Court deems just.

Respectfully submitted,

*/s/ Michael A. Dee*
Michael A. Dee, AT0002043
Brian S. McCormac, AT0005117
Thomas D. Story, AT0013130
BROWN, WINICK, GRAVES, GROSS, AND BASKERVILLE, P.L.C.
666 Grand Avenue, Suite 2000
Des Moines, IA 50309-2510
Telephone:  515-242-2400
Facsimile:   515-283-0231
Email:   michael.dee@brownwinick.com
            brian.mccormac@brownwinick.com
            thomas.story@brownwinick.com

ATTORNEYS FOR PLAINTIFF AND COUNTERCLAIM DEFENDANT MLADEN MILJAS

## **CERTIFICATE OF SERVICE**

I certify that on August 17, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will serve all counsel of record.

*/s/ Helen Mollenbeck*
Helen Mollenbeck, Legal Assistant