IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| MLADEN MILJAS, | ) | Case No. 4:20-CV-00320-SMR-SBJ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GREG COHEN PROMOTIONS, | ) | PRELIMINARY JURY |
| LLC, and GREG COHEN, | ) | INSTRUCTIONS |
| | ) | |
| Defendants. | ) | |

## TABLE OF CONTENTS

1.   Preliminary Instructions
2.   Nature of Case
3.   Duty of Jury
4.   Corporate Party or Agency
5.   Definition of Evidence
6.   Outline of Trial
7.   Bench Conferences
8.   Note Taking (No Transcript Available)
9.   Conduct of the Jury

## PRELIMINARY INSTRUCTION NO. 1
### PRELIMINARY INSTRUCTIONS

Members of the jury, I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial, I will give you more instructions. I may also give you instructions during the trial. All instructions—those I give you now and those I give you later, whether they are in writing or given to you orally—are equally important and you must follow them all.

## PRELIMINARY INSTRUCTION NO. 2
## NATURE OF CASE

As I explained during jury selection, this is a civil case between Mladen Miljas on the one side, and Greg Cohen Promotions, LLC and Greg Cohen on the other side.

Mladen "Monster Mel" Miljas (or "Mladen") is a professional boxer from Canada competing in the heavyweight division. Greg Cohen Promotions, LLC (or "Cohen Promotions") is a boxing promotional company owned in part by Greg Cohen, who also serves as its CEO. Greg Cohen is an individual residing in the State of New Jersey.

Mladen, as "Boxer," and Cohen Promotions, as "Promoter," entered into a valid and binding contract titled "Exclusive Boxing Promotional Agreement" (hereinafter, "Promotional Agreement"). The "Effective Date" of the Promotional Agreement was June 11, 2018. Cohen Promotion's obligation under Section 3 of the Promotional Agreement was to secure Mladen's participation in a "reasonable number" of professional boxing matches, or "BOUTS" that would be "commensurate with Boxer's level of ability, ranking, stature in the boxing industry and marketability." Pursuant to the Promotional Agreement, Cohen Promotions was obligated to secure a minimum of four bouts per calendar (each January to December) year. Likewise, Mladen's obligation under the Promotional Agreement was to "engage in a reasonable number of BOUTS," again, so long as such bouts

were "commensurate with [his] level of ability, ranking, stature in the boxing industry and marketability."

The Parties dispute much of what occurred between the Effective Date of the Promotional Agreement and May 21, 2020. On May 21, 2020, Mladen sent Cohen Promotions a document titled "Breach of Contract Notice." Cohen Promotions denied being in breach of the contract. Mladen then terminated the Promotional Agreement on June 21, 2020. The Parties dispute whether the Promotional Agreement was properly terminated; however, even without termination for cause, the Promotional Agreement has long since expired and Mladen no longer owes exclusivity to Cohen Promotions.

In this case, Mladen claims Cohen Promotions breached the Promotional Agreement, Cohen Promotions and Cohen interfered with prospective business relationships, Cohen Promotions and Cohen fraudulently induced Mladen to enter into the Promotional Agreement, and Cohen Promotions and Cohen violated a federal statute known as the Muhammed Ali Boxing Reform Act.

Defendants Cohen Promotions and Cohen claim that Mladen failed to mitigate any alleged damages.

This civil case is being litigated in the Southern District of Iowa based upon the Promotional Agreement, which selected Des Moines, Iowa, as the location for any potential litigation related to the Promotional Agreement.

This is a simple summary of the case.  Do not consider this summary as proof of any claims or defenses.

## PRELIMINARY INSTRUCTION NO. 3
## DUTY OF JURY

Your duty is to decide what the facts are from the evidence.  You are allowed to consider the evidence in the light of your own observations and experiences.  After you have decided what the facts are, you will have to apply those facts to the law, which I give you in these and in my other instructions. Only you will decide what the facts are.  You must follow my instructions, however, whether you agree with them or not.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you.  The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence, or I think your verdict should be.

## PRELIMINARY INSTRUCTION NO. 4
## CORPORATE PARTY AND AGENCY

The fact that a party is a corporation should not affect your decision. A corporation is considered a "person" under the law and all persons and companies are entitled to the same fair and conscientious consideration by you, just as any other person would be entitled to receive.

A corporation acts only through its agents or employees and any agent or employee of a corporation may bind the corporation by acts and statements made while acting within the scope of the authority delegated to the agent by the corporation, or within the scope of his or her duties as an employee of the corporation. A corporation's agent may be an individual person or another corporation with its own employees.

## PRELIMINARY INSTRUCTION NO. 5
### DEFINITION OF EVIDENCE

When I use the word "evidence," I mean the testimony of witnesses, documents and other things I receive as exhibits, facts that I tell you the parties have agreed are true, and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now what is not evidence:

1. Lawyers' statements, arguments, questions, and comments are not evidence.

2. Documents or other things that might be in court or talked about, but that I do not receive as exhibits, are not evidence.

3. Objections are not evidence. Lawyers have a right—and sometimes a duty—to object when they believe something should not be a part of the trial. Do not be influenced one way or the other by objections. If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you must ignore the question or the exhibit, and you must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

5. Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it unless I specifically tell you otherwise. Also, I might tell you that you can consider a piece of evidence for one purpose only, and

not for any other purpose. If that happens, I will tell you what purposes you can and cannot consider the evidence. You need to pay close attention when I give an instruction about evidence that you can consider for only certain purposes, because you might not have that instruction in writing later in the jury room.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

## PRELIMINARY INSTRUCTION NO. 6
### OUTLINE OF TRIAL

The trial will proceed in the following manner:

First, Mladen Miljas's lawyers will make an opening statement. Next, Greg Cohen Promotions, LLC and Greg Cohen's lawyer may make an opening statement. An opening statement is not evidence, but it is a summary of the evidence the parties expect you will see and hear during the trial.

Second, after opening statements, Mladen Miljas will then present evidence. Greg Cohen Promotions, LLC and Greg Cohen's lawyers will have a chance to cross-examine Mladen Miljas's witnesses. After Mladen Miljas has finished presenting his case, then Greg Cohen Promotions, LLC and Greg Cohen may present evidence, and Mladen Miljas's lawyer will have a chance to cross-examine Greg Cohen Promotions, LLC and Greg Cohen's witnesses.

Third, after you have seen and heard all of the evidence from both sides, the lawyers will make closing arguments that summarize and interpret the evidence. Just as with opening statements, closing arguments are not evidence.

Fourth, after the closing arguments, I will instruct you further on the law. Finally, after the closing arguments and after my instructions you will go to the jury room to deliberate and decide on your verdict.

## PRELIMINARY INSTRUCTION NO. 7
### BENCH CONFERENCES

During the trial it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here in the courtroom or calling a recess. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error. We will do what we can to keep the number and length of these conferences to a minimum.

## PRELIMINARY INSTRUCTION NO. 8
## NOTE TAKING (NO TRANSCRIPT AVAILABLE)

At the end of the trial, you must make your decisions based on what you recall of the evidence.  You will not be given a written transcript to consult.  Therefore, you must pay attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Also, do not let note taking distract you, so that you do not hear other answers by the witnesses.

When you leave at night, your notes will be secured and not read by anyone. In addition, your notes will be destroyed once the trial is over.

## PRELIMINARY INSTRUCTION NO. 9
### CONDUCT OF THE JURY

To ensure this trial is fair to both parties, you must follow the following rules:

*First*, do not talk or communicate amongst yourselves about this case, or about anyone involved with it, until the end of the trial when you go to the jury room to consider your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended, and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it, until the trial has ended, and your verdict has been accepted by me.  If someone tries to talk to you about the case during the trial, please report it to me.

*Fourth*, during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case—not even to pass the time of day. It is important not only that you do justice in this case, but also that you give the appearance of doing justice. If a person from one side of the case sees you talking to a person from the other side—even if it is just about the weather—an unwarranted and unnecessary suspicion about your fairness might be aroused.  If any lawyer, party, or witness does not speak to you in the halls, on the elevator or the like, please understand that they are not being rude. They know they are not supposed to talk to you while the trial is going on, and they are following the rules.

*Fifth*, you may need to tell your family, close friends, and other people that you are a part of this trial. You can tell them when you need to be in court, and you can warn them not to ask you about this case, tell you anything they know or think they know about this case, or talk about this case in front of you.  However, you must not communicate with anyone or post information in any manner about the parties, witnesses, other jurors, participants, claims, evidence, or anything else related to this case.

You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you talk about the case with someone besides the other jurors during deliberations, it may appear as if you might already have decided the case or that you might be influenced in your verdict by their opinions. That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again.  During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case (including on the Internet).

*Sixth*, do not do any research—on the Internet, in libraries, newspapers, or otherwise—and do not investigate this case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or other means to search for or view any place discussed in the testimony. Also, do not look up any information

about this case, the law, or the people involved (including the parties, witnesses, the lawyers, and/or the judge).

*Seventh*, do not send, read, or otherwise receive any information, including any news stories or Internet articles or blogs that are about the case, or about anyone involved with it. Do not listen to any radio or television reports, or digital streaming, about the case or about anyone involved with it. In fact, until the trial is over, I suggest that you reduce or limit reading or receiving any digital streaming or any newspapers or news journals and avoid listening to any television or radio newscasts at all. I do not know whether there will be news reports about this case, but if there are, you might accidentally find yourself reading or listening to something about the case. If you wish, you can have someone collect information or clip out any stories and set them aside to give to you after the trial is over. I can assure you, however, that by the time you have heard all the evidence in this case, you will know what you need to return a just verdict.

The parties have a right to have you decide their case based only on evidence admitted here in court. If you research, investigate, experiment on your own, or get information from other sources, your verdict might be influenced by inaccurate, incomplete, or misleading information. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through cross-examination. All of the parties are entitled to a fair trial and an impartial jury, and you must conduct yourselves in a way that assures the integrity of the trial process. If you

decide a case based on information not admitted in court, you will deny the parties a fair trial. You will deny them justice. Remember, you have taken an oath to follow the rules, and you must do so.

*Eighth*, do not make up your mind during the trial about what your verdict should be. Keep an open mind until after you and your fellow jurors have discussed all the evidence

I hope each of you find this case noteworthy and interesting.


Dated this 6th day of February, 2023.

STEPHANIE M. ROSE, CHIEF JUDGE
UNITED STATES DISTRICT COURT