661

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

- - - - - - - - - - - - - - - -X
MLADEN MILJAS, :
 :
    Plaintiff, :
 :
vs. : Case No. 4:20-cv-00320
 :
GREG COHEN PROMOTIONS, LLC, :
and GREG COHEN, : TRIAL TRANSCRIPT
 :
    Defendants. : Volume IV
- - - - - - - - - - - - - - - -X

                U.S. Courthouse
                123 East Walnut Street
                Des Moines, Iowa
                Thursday, February 9, 2023
                10:26 a.m.

BEFORE: THE HONORABLE STEPHANIE M. ROSE, Chief Judge,
       and a Jury.

APPEARANCES:

For the Plaintiff:     MICHAEL A. DEE, ESQ.
                     CASSANDRA M. ALESCH, ESQ.
                     Brown Winick Graves
                      Gross and Baskerville, P.L.C.
                     666 Grand Avenue, Suite 2000
                     Des Moines, Iowa  50309


For the Defendants:    TIMOTHY N. LILLWITZ, ESQ.
                     Bradshaw Fowler Proctor & Fairgrave, P.C.
                     801 Grand Avenue, Suite 3700
                     Des Moines, Iowa  50309


            KELLI M. MULCAHY, CSR, RDR, CRR
              United States Courthouse
          123 East Walnut Street, Room 115
              Des Moines, Iowa 50309

1           P R O C E E D I N G S

2       (In chambers, with counsel present via telephone.)

3           THE COURT:  So we are here in the matter of Mladen
4  Miljas vs. Greg Cohen.  We're out of the presence of the jury.
5       We have received another jury question.  This question
6  reads as follows:  "Regarding the Muhammad Ali Boxing Reform
7  Act, what is the prize bid held for the boxing match?  Can we
8  get a definition?"
9       It is dated today.  Time given is 10:18.  It is signed by
10 Jurors Ashley Kauzlarich and Benjamin Aidey.
11      I believe this is a reference to Final Instruction No. 20,
12 which is the essentials for recovery under the Muhammad Ali
13 Boxing Reform Act.  Under the second element, letter C, it's a
14 description of what Greg Cohen and Greg Cohen Promotions, LLC
15 was required to provide to Mr. Miljas prior to the bouts, and in
16 C, it says, "Any reduction in Mladen Miljas's prize contrary to
17 a previous agreement between Greg Cohen Promotions, LLC and Greg
18 Cohen and Mladen Miljas or a prize bid held for the boxing
19 match."  So I think that's where they're pulling that language
20 from.
21      What would you suggest by way of a response on behalf of
22 Plaintiff, Mr. Dee or Ms. Alesch?
23          MR. DEE:  Well, that's an interesting question.  I
24 don't think we put any evidence in regarding what a prize bid
25 would be.

1             THE COURT:  I would agree.
2             MR. DEE:  Yeah.  So I don't know that -- so I don't
3    know, in that circumstance, Judge, if what we do is if Tim and
4    we and you come up with a definition for them or if we tell them
5    that, essentially, they just have to go with what they did or
6    did not hear.
7             THE COURT:  Okay.  Mr. Lillwitz?
8             MR. LILLWITZ:  Yes, Your Honor.  I have two brief
9    thoughts, and those would be if the act itself provides the
10   definition for those terms, I suppose that's sufficient.  If it
11   doesn't, then I would think we would have to default to what
12   Mr. Dee said, and that is you'll have to create a definition
13   from the evidence that was provided in the case, you know, there
14   was no definition to provide you.
15            THE COURT:  Hold on a minute while I do a little
16   checking.
17         (Discussion off the record.)
18            THE COURT:  Okay.  I've done kind of the same research
19   it sounded like you were talking about.  I don't see any
20   definition provided in the statute itself.  I've done a case law
21   search of all federal cases.  That particular term has not been
22   defined by any court so far that at least is reported within
23   Westlaw.
24         So I think that leaves us with telling the jury you'll have
25   to rely upon information that was presented during the trial;

1  I'm unable to provide a further definition for you.
2       Does that work for the parties?
3           MR. DEE:  Yeah, that works, Your Honor.  I think that's
4  the only choice we have.
5           MR. LILLWITZ:  That works for the defendants, Your
6  Honor.
7           THE COURT:  I'll get this to the jury, and I'll let you
8  know what we hear next.
9       (Recess 10:34 a.m. until 11:58 a.m.)
10      (In chambers with counsel present via telephone.)
11          THE COURT:  All right.  We have all three of you on
12 here.  So we are here again in the matter Miljas vs. Cohen.
13 We're outside the presence of the jury.
14      We have received a third note.  This note reads:  "For
15 damages for Muhammad Ali, can 'court costs and reasonable
16 attorneys' fees and expenses' be written, or does it have to be
17 a specific dollar amount?"
18      It is timed at 11:51 this morning.  It's signed by Ashley
19 Kauzlarich, and we have a third juror on the note.  Now we have
20 Joshua Johnson on this one.
21      Mr. Dee or Ms. Alesch?
22          MR. DEE:  I'm looking at the verdict form real quick,
23 Judge, but, I mean, I don't think it's the jury's job to
24 actually award an amount of attorneys' fees, is it?
25          THE COURT:  The problem is it says -- the instruction

1  they were given says that they can award court costs, reasonable
2  attorneys' fees, and expenses, so I think they are saying can we
3  just write those words on the verdict form or do we have to put
4  a dollar amount.
5      So they were presented no evidence about that beyond -- you
6  know, there was some information about how much you paid your
7  experts, but other than that, there's no information this jury
8  has about attorneys' fees or court costs or expenses.
9      I don't think they can just write that in there and have me
10 sort it out later, but I'm not sure how to respond beyond saying
11 no.
12          MR. DEE:  Yeah.  Let me ask a procedural question
13 first.  I mean, it's my understanding when you get a case that
14 allows for -- or you get a judgment or a verdict, I should say,
15 that allows for attorneys' fees, whether by statute or contract,
16 it's the court's job to determine reasonable attorneys' fees
17 after the fact.  Is that -- am I correct in that?
18          THE COURT:  That is what happens in most cases.  I have
19 never had a Muhammad Ali case where the jury could award those
20 things, and I don't know how it's broken out or handled.  My
21 assumption would be if they don't write anything in there and
22 you're entitled under the statute in, you know, post-verdict
23 briefing to those fees and costs, then we'd have some further
24 evidentiary, you know, submission of what those costs actually
25 are and a determination by me of what they should be.

1      But, you know, that's not -- I don't think this jury can
2 figure that out with what they've been given.
3           MR. DEE:  Right.  Right.
4           MR. LILLWITZ:  Judge, can you read the question again
5 just so I --
6           THE COURT:  I can.
7           MR. LILLWITZ:  -- can understand exactly what they're
8 asking?
9           THE COURT:  I can.
10          MR. LILLWITZ:  Thank you.
11          THE COURT:  Yes.  It says, "For damages for Muhammad
12 Ali, can" and then they've put, quote, court costs and
13 reasonable attorneys' fees and expenses, end quote, "be written,
14 or does it have to be a specific dollar amount?"
15     I have had a jury previously write in on the verdict
16 form -- they put a number down, and then they wrote "plus tax
17 and interest," you know.  They wrote the words "plus tax and
18 interest."
19     So I've had jurors do this before where, you know, they
20 want to make sure the plaintiff recovers whatever they, in their
21 mind, have decided they're entitled to recover, and we've sorted
22 it out sort of on the legal side after the verdict comes in.
23 But I've not been asked in advance how to handle that before.
24          MR. LILLWITZ:  I think Mike's right, then.  I think the
25 answer is they can write those words in and then it gets figured

1  out with post-trial -- because, I mean, obviously, they can't
2  just guess at what attorneys' fees would be, right?  I mean,
3  like to Mike's point, I think the Court has to award those.
4        So I think you're right, Judge, perhaps with your previous
5  experience, the answer is yes, they can write the words in, and
6  then -- because even with -- I don't know if the word "interest"
7  would be, but even with interest, again, that's a legal question
8  as to when interest runs from, all that kind of good stuff, that
9  has to be determined in post-verdict briefing or legal analysis.
10 But I don't see any issue from Defendants' side with the words.
11              THE COURT:  All right.  Mr. Dee or Ms. Alesch, do you
12 object to me telling them they can write the words in?
13              MR. DEE:  No.  No.  I mean, as long as between those of
14 us on the call here, we understand if they do that, then that
15 the actual amount of attorneys' fees is a matter of post-trial
16 motions and all that.
17              THE COURT:  I agree.  We would have to litigate that
18 matter.
19              MR. DEE:  Yeah.  I agree, then, with what Tim just
20 said, yes.
21              THE COURT:  All right.  I will answer them in that way,
22 and we will keep you posted.  Thanks.
23         (Recess at 12:02 p.m. until 12:33 p.m.)
24         (In chambers with counsel present via telephone.)
25              THE COURT:  Okay.  So we are back again talking about

1  the third jury note in Miljas vs. Cohen.
2       I had grown concerned that we were going to have the
3  potential for kind of a double recovery situation if we don't
4  get the jury to identify whether they are or are not including
5  those costs in any specific number they provide, so I drafted a
6  proposed response and emailed it to the parties.
7       Mr. Lillwitz approved it, but Mr. Dee is now concerned that
8  perhaps we shouldn't give them that language, so this is another
9  chance to talk about that and craft what we think might be a
10 workable answer.
11      Mr. Dee, how would you suggest we answer the jury's
12 question?
13           MR. DEE:  Well, you know, as I thought about it and
14 then read your suggestion, Your Honor, I realized that I don't
15 think we should give them the option to provide an actual dollar
16 amount for court costs and attorneys' fees and expenses and that
17 we just tell them if they either -- well, then we just tell them
18 along the lines of what I suggested in the email I just sent,
19 that it would say -- just using your suggested language with my
20 suggested modifications, it would say, "If you unanimously
21 determine Plaintiff established a violation of the Muhammad Ali
22 Boxing Reform Act and you unanimously determine damages are
23 appropriate, you may add the words, 'plus court costs and
24 reasonable attorneys' fees and expenses' on the verdict form and
25 not provide a specific dollar amount for those damages."  And

1  maybe we change that to "categories," something like that.  "The
2  Court will address those amounts with the parties following the
3  trial."
4      I just -- and my reasoning for that is, first, the awarding
5  of those amounts is strictly within the province and the
6  responsibility of the Court; and, second of all, they don't have
7  any evidence of any amounts like that for which they could
8  provide specific dollar amounts.
9           THE COURT:  Okay.  Mr. Lillwitz, what's your thought?
10          MR. LILLWITZ:  I don't necessarily, Your Honor,
11 disagree with Mr. Dee.  I would just simply perhaps -- because
12 I'm looking at the Final Jury Instruction No. 22, which, as Your
13 Honor identifies, this is where that question comes from.  If we
14 go with the response that Mr. Dee has suggested, again, which
15 I'm not necessarily opposed to, I think you would have to
16 basically direct them or instruct them that they should limit
17 the amount to the damages suffered by Mladen Miljas -- or
18 damages suffered by Plaintiff, because everything else, as
19 Mr. Dee is suggesting, would be in the province of the Court.
20 And I think that could avoid any problem of double recovery.
21          MR. DEE:  Yeah.
22          MR. LILLWITZ:  Does that make sense, Mike?
23          MR. DEE:  Yeah.  This is Mike.  I wouldn't disagree
24 with that.  If we actually make it more affirmative and, you
25 know, using the unanimous language along the lines of what you

1  proposed, Judge, and have it say actually in some way -- yeah,
2  something along those lines.  I'm not sure what language.
3  There's no decent language popping into my head at the moment
4  for that, but I don't necessarily disagree with that.
5          MR. LILLWITZ:  Yeah.  The instruction uses the words
6  "economic injury or damages suffered," so I would just -- I was
7  just quoting that, but I'm happy to discuss whatever, you know,
8  language.
9          MR. DEE:  Maybe we say -- I'll grab a copy of the
10 instructions here.
11         MR. LILLWITZ:  Yeah.  It's No. 22, Mike.
12         MR. DEE:  So, yeah, the language -- the last sentence
13 of Instruction 22 says, "The damages recoverable for violation
14 of the Muhammad Ali Boxing Reform Act may include recovery of
15 the damages suffered as well as court costs and reasonable
16 attorneys' fees and expenses."
17      So although the first sentence refers to economic injury,
18 but we just do -- the way that the instruction is written, the
19 term "damages" is a separate --
20         MR. LILLWITZ:  Yes.
21         MR. DEE:  -- item, if you will, from court costs,
22 attorneys' fees, and expenses.
23      So I think if we give them some kind of instruction that
24 says don't worry, you do not need to provide a dollar amount for
25 the latter portion -- court costs, fees, and expenses -- and

1  just otherwise deal with damages, you know, if you deem that
2  appropriate, that could work too.
3            MR. LILLWITZ:  Yeah.  I don't want to be too forceful,
4  Mike, but however you'd like to word it that, like you said,
5  using the unanimous language, the number should be -- the number
6  you fill in should be for damages suffered, that phrase, damages
7  suffered, and that the rest of it we deal with.
8            THE COURT:  All right.  I have some proposed language.
9  Are all of you near your email?
10           MR. LILLWITZ:  Yes.
11           MS. ALESCH:  Yes.
12           MR. DEE:  Yes.
13           THE COURT:  All right.  I'm going to send this to you
14 in an email so it's easier to talk about.
15       All right.  Sending it your way now.
16       I think we can direct them to the specific question they're
17 talking about, and I think we want to make sure they're not
18 including this information, so this is sort of an amalgamation
19 of all the things we've talked about.
20           MR. LILLWITZ:  Again, Defendants have no objection to
21 your wording, Your Honor.
22           MR. DEE:  Yes, Judge.  I think that looks good too.
23           THE COURT:  All right.  I will provide this to the
24 jury, and we'll keep you posted.  Thank you.
25        (Recess at 12:42 p.m. until 1:08 p.m.)

1       (In open court, out of the presence of the jury, with
2  counsel present via telephone.)
3          THE COURT:  All right.  So we are here in the matter of
4  Mladen Miljas vs. Greg Cohen Promotions.  It's Case No.
5  4:20-cv-320.  We are joined by telephone by the lawyers in this
6  case representing Plaintiffs and Defendant -- or Plaintiff and
7  Defendants.  We have just been advised that there's a jury
8  verdict.
9       So unless there's anything for the record now, we'll bring
10 the jury in and I'll read the verdict.  Anything?
11         MR. DEE:  Nothing from the plaintiff.
12         MR. LILLWITZ:  Nothing for Defendants, Your Honor.
13         THE COURT:  All right.
14      (In open court, in the presence of the jury, with counsel
15 present via telephone.)
16         THE COURT:  Welcome back, ladies and gentlemen.
17      I understand that you have reached a verdict.  Is that
18 correct?
19         JUROR BEVERIDGE:  Yes.
20         THE COURT:  All right.  And, Ms. Beveridge, are you the
21 jury foreperson?
22         JUROR BEVERIDGE:  Yes.
23         THE COURT:  And was the verdict unanimous as to each
24 and every question that was posed?
25         JUROR BEVERIDGE:  Yes.

1             THE COURT:  All right.  I'll have you hand the verdict
2    folder to Mr. Chrismer.
3        And just to let you know, the lawyers are on the
4    speakerphone so they can hear what's going on.  They aren't live
5    with us here in the courtroom.
6        Okay.  I have reviewed the verdict form, and it is fully
7    completed.  I'll read it, and, ladies and gentlemen, after I've
8    read the verdict form, I'll ask you if this was your verdict.
9    If you hear anything that I read that is not accurate, please
10   let me know at the end of the reading.
11       In the matter of Mladen Miljas, Plaintiff, vs. Greg Cohen
12   Promotions, LLC and Greg Cohen, Defendants, as to Mladen
13   Miljas's breach of contract claim, "We, the jury, find the
14   following" as to the breach of contract claim:
15       "Has Mladen Miljas proved his breach of contract claim
16   against Greg Cohen Promotions, LLC?"
17       Answer:  "Yes."
18       Question 2:  "What amount of damages should Mladen Miljas
19   be awarded for his breach of contract claim against Greg Cohen
20   Promotions, LLC?"
21       The answer provided is "$92,200."  9-2-2-0-0.
22       Third question:  "Did Greg Cohen Promotions, LLC prove its
23   affirmative defense of Mladen Miljas's failure to mitigate his
24   damages?"
25       Answer:  "No."

1      Question 4:  "What amount of damages did Mladen Miljas fail
2 to mitigate?"
3      The answer there is "0."
4      It is signed and dated by each -- by the foreperson, and
5 each juror who deliberated has signed his or her name.
6      On Mladen Miljas's tortious interference with existing
7 contract and/or prospective business relationship claim, "We,
8 the jury, find" Mladen Miljas has proved his tortious
9 interference claim against Greg Cohen Promotions, LLC.  The
10 answer was "Yes."
11      The amount of damages that should be awarded for Mladen
12 Miljas' tortious interference claim against Greg Cohen
13 Promotions, LLC, $1,777 -- I'm sorry.  1,000 --
14          JUROR JOHNSON:  177 --
15          THE COURT:  Thank you.
16      All right.  I'm going to read the number because I'm
17 terrible at this.  1-7-7-comma-5-7-5 so $177,575.
18      All right.  "Do you find by a preponderance of clear,
19 convincing, and satisfactory evidence that the conduct of Greg
20 Cohen Promotions, LLC constituted willful and wanton disregard
21 for the rights or safety of another?"
22      Answer:  "Yes.
23      "What amount of punitive damages, if any, do you award
24 Mladen Miljas for the conduct of Greg Cohen Promotions, LLC?"
25      It says 97,666.75.  So 9-7-comma-6-6-6-period, and then

1  there's a 75 over 100.

2      "Was the conduct of Greg Cohen Promotions, LLC directed
3  specifically at Mladen Miljas?"

4      Answer:  "Yes."

5      Again, it's been filled in by the foreperson, and each
6  juror has signed his or her name.

7      On the tortious interference claim, Verdict Form Two B:
8  "We, the jury, find the following as to Mladen Miljas's tortious
9  interference with existing contract and/or prospective business
10 relationship...against Greg Cohen individually.

11     "Has Mladen Miljas proved his tortious interference claim
12 against Greg Cohen individually?"

13     Answer:  "Yes.

14     What amount of damage should Mladen Miljas be awarded for
15 the claim against Greg Cohen individually?

16     The answer:  "$532,725," 5-3-2-comma-7-2-5.

17     Third question:  "Do you find by a preponderance of clear,
18 convincing, and satisfactory evidence that the conduct of Greg
19 Cohen individually constituted willful and wanton disregard for
20 the rights or safety of another?"

21     Answer:  "Yes.

22     "What amount of punitive damages, if any, do you award to
23 Mladen Miljas for the conduct of Greg Cohen individually?"

24     Answer:  292,998.75.  So 2-9-2-comma-9-9-8 and the 75 over
25 100.

1       Fifth question:  "Was the conduct of Greg Cohen
2  individually directed specifically at Mladen Miljas?"
3       Answer:  "Yes."
4       Again, it's signed and filled in by the foreperson, and
5  each juror has signed his or her names.
6       Finally, Mladen Miljas's violation of the Muhammad Ali
7  Boxing Reform Act, Verdict Form Three A.
8       On the question of whether the jury finds has Mladen Miljas
9  proved his Muhammad Ali Boxing Reform Act claim against Greg
10 Cohen Promotions, answer, "Yes."
11      "What amount of damages should Mladen Miljas be awarded for
12 his Muhammad Ali Boxing Reform Act claim against Greg Cohen
13 Promotions, LLC?"
14      The answer is zero dollars, plus "court cost and reasonable
15 attorneys' fees and expenses" is written in.
16      Question 3:  Do you find by a preponderance of clear,
17 convincing, and satisfactory evidence that the conduct of Greg
18 Cohen Promotions, LLC constituted willful and wanton disregard
19 for the safety or rights of another?
20      Answer:  "Yes."
21      What amount of punitive damages, if any, do you award to
22 Mladen Miljas for the conduct of Greg Cohen Promotions, LLC?
23      Answer:  "$200,000."  2-0-0-comma-0-0-0.
24      Question 5:  "Was the conduct of Greg Cohen Promotions, LLC
25 directed specifically at Mladen Miljas?"

```
 1        Answer:  "Yes."
 2        Again, it's been signed and dated by the foreperson, and
 3   each juror has signed his or her name.
 4        On the final verdict form, Form Three B, question -- Mladen
 5   Miljas's violation of the Muhammad Ali Boxing Reform Act claim
 6   against Greg Cohen individually, the jury has provided -- "Has
 7   Mladen Miljas proved his Muhammad Ali Boxing Reform Act claim
 8   against Greg Cohen individually?"  They have answered "No."
 9        And then the remainder of the questions, as instructed,
10   were left blank.  It has been signed and dated by the
11   foreperson, and each juror has signed his or her name.
12        Ladies and gentlemen of the jury, did I correctly read your
13   verdict form?  If so, please raise your right hand.
14        All right.  And the record should reflect each juror has
15   raised his or her right hand.
16        Mr. Dee, on behalf of the plaintiff, do you request any
17   additional polling?
18            MR. DEE:  No, Your Honor.
19            THE COURT:  Mr. Lillwitz, on behalf of Mr. Cohen and
20   Cohen Promotions, any additional polling?
21            MR. LILLWITZ:  No, Your Honor.
22            THE COURT:  All right.  Then, ladies and gentlemen of
23   the jury, you are officially done with your jury duty in this
24   case.  All of the prohibitions I gave you about talking about
25   the case are lifted.  You can talk to anyone about the case you
```

1  want to or no one, if you prefer.
2       You are welcome to leave at this time.  I'll come back to
3  the jury room and answer any questions you might have or tell
4  you any additional information you might want, but otherwise, we
5  very much appreciate your time and attention on this case.  We
6  enjoyed working with you.  You were certainly a dedicated and
7  helpful group, so thank you on behalf of the parties and myself.
8       We'll let you go back to the room and gather any of your
9  belongings.  I'll come back and answer any questions for you, or
10 if you want to get on with your day, you're welcome to do that
11 as well.  Thank you.
12      We're adjourned.
13      (Proceedings concluded at 1:16 p.m.)
14
15
16
17
18
19
20
21
22
23
24
25

C E R T I F I C A T E

I, Kelli M. Mulcahy, a Certified Shorthand Reporter of the State of Iowa and Federal Official Realtime Court Reporter in and for the United States District Court for the Southern District of Iowa, do hereby certify, pursuant to Title 28, United States Code, Section 753, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated at Des Moines, Iowa, this 23rd day of March, 2023.

Kelli M. Mulcahy, CSR, RDR, CRR
Federal Official Court Reporter