IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MLADEN MILJAS,<br><br>    Plaintiff,<br><br>v.<br><br>GREG COHEN PROMOTIONS, LLC, and GREG COHEN,<br><br>    Defendants. | NO. 4:20-cv-320-SMR-CFB<br><br>**PLAINTIFF'S RESISTANCE TO DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW, MOTION FOR NEW TRIAL, AND MOTION TO ALTER OR AMEND THE JUDGMENT** |

COMES NOW the Plaintiff Mladen Miljas (or "Mladen"), by and through undersigned counsel, and in resistance to the Renewed Motion for Judgment as a Matter of Law, Motion for New Trial, and Motion to Alter or Amend the Judgment (Dkt. 177) submitted by Defendants Greg Cohen Promotions, LLC (hereinafter "GCP", and Greg Cohen (hereinafter "Cohen") (collectively "Defendants"), states as follows:

1. Defendants are not entitled to judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a)(1) on any basis set forth in Defendants' Renewed Motion for Judgment as a Matter of Law, Motion for New Trial, and Motion to Alter or Amend the Judgment ("Defendants' Motion") (Dkt 177).

2. An agent of an entity does not escape personal liability for his own tortious conduct because the agent was acting within the scope of his responsibilities for the entity.

3. The jury rightfully determined Cohen's conduct of threatening litigation against any promoter that explored a business relationship with Mladen on behalf of GCP did constitute wrongful and improper conduct.

4. The jury was free to disregard the evidence presented by Defendants that Greg Cohen or GCP did not receive compensation, directly or indirectly, for any of Mladen Miljas's boxing matches, resulting in their verdict in favor of Mladen for a violation of the Muhammad Ali Act.

5. Defendants are not entitled to a new trial because the supposedly improperly admitted evidence was not "so prejudicial that a new trial would likely produce a different result." Burris v. Gulf Underwriters Ins. Co., 787 F.3d 875, 880 (8th Cir. 2015).

6. Defendants' Motion to Amend or Alter the Judgment with respect to punitive damages should be denied because the award of punitive damages for violation of the Ali Act was not a manifest error of law and the amount of punitive damages does not violate due process.

WHEREFORE, for the reasons set forth in this Resistance, the Plaintiff Mladen Miljas respectfully requests the Court deny the Defendants' Renewed Motion for Judgment as a Matter of Law, Motion for New Trial, and Motion to Alter or Amend the Judgment.

Dated: March 27, 2023

Respectfully submitted,

*/s/ Michael A. Dee*
Michael A. Dee, AT0002043
Brian S. McCormac, AT0005117
Cassandra M. Alesch, AT0014436
BROWN, WINICK, GRAVES, GROSS, AND BASKERVILLE, P.L.C.
666 Grand Avenue, Suite 2000
Des Moines, IA 50309-2510
Telephone:  515-242-2400
Facsimile:   515-283-0231
Email:  michael.dee@brownwinick.com
            brian.mccormac@brownwinick.com
            casey.alesch@brownwinick.com

ATTORNEYS FOR PLAINTIFF
MLADEN MILJAS

## **CERTIFICATE OF SERVICE**

I certify that on March 27, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will serve all counsel of record.

*/s/ Helen Mollenbeck*
Helen Mollenbeck, Legal Assistant