IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MLADEN MILJAS,<br><br>     Plaintiff,<br><br>v.<br><br>GREG COHEN PROMOTIONS, LLC and<br>GREG COHEN,<br><br>     Defendants. | Case No. **20-cv-00320**<br><br><br>**DEFENDANTS' REPLY IN<br>SUPPORT OF RENEWED MOTION<br>FOR JUDGMENT AS A MATTER<br>OF LAW, MOTION FOR NEW<br>TRIAL, and MOTION TO ALTER<br>OR AMEND THE JUDGMENT** |

**COME NOW** Defendants Greg Cohen Promotions, LLC (hereinafter "GCP"), and Greg Cohen (hereinafter "Cohen") (collectively "Defendants") and for their Reply in Support of their Renewed Motion for Judgment as a Matter of law, Motion for New Trial, and Motion to Alter or Amend the Judgment, hereby state as follows:

## I.    The Court Should Grant Defendants' Motion for Judgment as a Matter of Law

### a.    *Individual Liability*

As part of this case, Plaintiff Mladen Miljas ("Mladen" or "Plaintiff") decided to bring separate claims against both GCP and Cohen for Tortious Interference as well as violations of the Muhammed Ali Boxing Reform Act (the "Ali Act").  Thus, it was Mladen's burden to show that both entities' actions caused harm to Mladen.  To do this, despite presenting only a single set of actions taken by Defendants, Mladen chose to present the Jury with two separate verdict forms, one for Cohen, individually, and one for GCP.  (Doc. 160).  In doing so, Mladen invited the jury to award two different amounts

of damages for the same set of actions.  Naturally, the Jury did so as illustrated by the different amounts awarded for compensatory and punitive damages on the Verdict Form. (Docs. 160 & 170).

Defendants are not, as Mladen suggests, attempting to argue that a corporate officer such as Cohen cannot be held individually liable for his torts.  Instead, Defendants are arguing that it is legally impermissible and wholly disregards the legal existence of GCP to sue on a single set of actions and then have a Jury award damages in different amounts against the corporate officer and the entity where there is no evidence presented to distinguish between the two.  Mladen plainly states in his Resistance, "whether the actions were within the scope of Mr. Cohen's capacity as CEO is irrelevant."  (Doc. 186-1 at p. 5, n. 1).  Respectfully, not only is whether the actions were within the scope of Mr. Cohen's capacity as CEO a relevant question—it is the most important question for the Jury to answer.  The Jury never answered that question.

If Mr. Cohen's tortious actions were entirely outside of the scope of his employment, then GCP cannot be legally responsible for any damages.  *Meyer v. Holley*, 537 U.S. 280, 285, 123 S. Ct. 824, 829, 154 L.Ed.2d 753 (2003) (well established that principals or employers are vicariously liable for agents acting within the scope of their authority).  Conversely, if Cohen's actions were within the scope of his employment, Mladen had the burden to establish at trial an independent duty owed by Cohen, individually, to Mladen.  *See* Restatement (Third) of Agency § 7.02 cmt. d (2006) ("Conduct by an agent that breaches a duty owed by the agent to the principal does not subject the agent to liability to a third party who suffers pure economic loss as a result

unless the agent's conduct also breaches a duty owed by the agent to the third party. Most cases hold that an agent does not owe a duty to a third party when the agent's negligent conduct causes only pure economic loss to a third party.").

Mladen alleged claims against both Cohen and GCP because he was concerned about collectability of a judgment. In doing so, however, Mladen skipped over the step of presenting any evidence to the Jury that would hold Cohen liable separate and apart from GCP. Accordingly, the individual claims against Cohen should be dismissed.

> b. *The Tortious Interference Claims Fail as a Matter of Law*

Mladen's attempt in his Resistance to distinguish the holding in *General Electric Capital Corp. v. Commercial Services Group, Inc.*, 485 F. Supp. 2d 1015 (N.D. Iowa 2007) is ineffective. Mladen claims the interference in the instant case is different From *General Electric* because the instant interference was with a prospective business opportunity and "was not pursuant to any enumerated legal right under the contract." (Doc. 186-1 at 7). This statement ignores the evidence that was presented to the Jury. At trial, the Jury heard evidence that while Mladen attempted to terminate the Agreement in June 2021, the legal effect of that termination was disputed between the parties. Cohen's communications on behalf of GCP to both Mladen and third-parties noted that GCP steadfastly believed it had not breached the Agreement and could enforce its rights thereunder. (See Trial Exs. 6, 12, 26). In fact, Cohen and GCP believed in that position enough to bring a counterclaim and litigate the effectiveness of the Agreement for over two years.

As Mladen acknowledges in his Resistance, threats of litigation are only wrongful if the actor does not believe in the merits of their position or is determined not to risk an unfavorable judgment.  Restatement (Second) of Torts § 767, cmt. c (1979).  Here, all of the evidence shows Defendants, at all times, believed in their position and were so determined to prove their position that they risked an unfavorable judgment by trying the case.   Thus, as a matter of law, the tortious interference claim should have been dismissed.

       c.     *The Ali Act Claim Fails as a Matter of Law*

First, Mladen incorrectly argues that economic damage is not an element of an Ali Act claim.  (Doc. 186-1 at 9).  In doing so, Mladen wrongly points to Instruction 20.  However, Instruction 20 is not the specific damages instruction for the Ali Act.  Instead, Instruction No. 22 plainly states that damages "may be awarded to any boxer **who suffers economic injury** as a result of a violation" of the Act.  (Doc. 158, Instruction No. 22) (emphasis added).  Economic injury is a legal prerequisite for recovery under the Ali Act. 15 U.S.C. § 6309(d).

Second, Mladen incorrectly cites to *Kaiser v. Stathas*, 263 N.W.2d 522 (Iowa 1978) for the proposition that the Jury here was free to disbelieve Cohen's testimony that GCP did not receive financial benefits from Mladen's fights.  The *Kaiser* case involved a car accident and the plaintiff testified as to his damages from the accident.  *Id.* at 524. The defendant did not present any counterevidence on that topic and the jury did not award to plaintiff all of the damages about which he testified.  *Id.*  That situation is the direct opposite of what occurred here.

Here, Mladen, who had the burden of proof, presented no evidence of any benefits received by GCP as a result of Mladen's fights.  To cement the obvious conclusion, Cohen testified that GCP did not receive any benefits as a result of Mladen's fights, and in fact suffered a loss as a result of the fights.  (Doc. 183, Trial Tr. P. 449 Ln 16-23).  The jury is not free to disregard evidence on an undisputed fact when the plaintiff carries the burden of proof, presents no evidence, and the defendant, under oath, confirms the lack of evidence in plaintiff's case.

## II.     The Punitive Damage Award Under the Ali Act Must Be Set Aside

The Eighth Circuit's holding in *Dunne v. Resource Converting, LLC*, 991 F.3d 931, 938 (8th Cir. 2021) is not applicable here.  In *Dunne*, a close reading of the jury instructions and verdict revealed that Dunne suffered actual damages.  Id at 938.  That is not the case here—Mladen did not suffer actual damages under the Ali Act.

Instruction No. 22 makes absolutely clear by using the phrase "as well as" that damages suffered under the Ali Act are separate from "any court costs, reasonable attorneys' fee and expenses."  (Doc. 158).  Moreover, court costs, attorneys' fees and expenses cannot be an economic injury to Mladen under the Ali Act because those items were already recoverable under the other claims considered by the Jury.  Thus, a close reading of the jury instructions and the verdict form reveal the Jury did not find Mladen suffered any economic injury or damages under the Ali Act.   Therefore, without an award of actual damages, the award of punitive damages cannot stand.   *C Plus Northwest, Inc. v. DeGroot*, 534 F. Supp. 2d 937, 945, n. 5 (S.D. Iowa 2008).

**WHEREFORE**, Defendants Greg Cohen Promotions, LLC and Greg Cohen respectfully request the Court grant its Renewed Motion for Judgment as a Matter of Law, Motion for New Trial, and Motion to Alter or Amend the Judgment.

BRADSHAW, FOWLER, PROCTOR & FAIRGRAVE, P.C.

By: _____ /s/ *Timothy N. Lillwitz* _____
      Timothy N. Lillwitz  AT0008904
      801 Grand Avenue, Suite 3700
      Des Moines, IA  50309-8004
      Phone:     (515) 246-5898
      Fax:        (515) 246-5808
      E-Mail:    lillwitz.timothy@bradshawlaw.com

ATTORNEYS FOR DEFENDANTS

Original electronically filed.

Copy to.

Michael A. Dee
Brian S. McCormac
Cassandra M. Alesch
Brown, Winick, Graves, Gross, and
Baskerville, P.L.C.
666 Grand Avenue, Suite 2000
Des Moines, IA 50309-2510
Phone:     (515) 242-2400
Fax:       (515) 283-0231
E-Mail:    michael.dee@brownwinick.com
          brian.mccormac@brownwinick.com
          casey.alesch@brownwinick.com

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by serving the same on such attorney at his/her respective address/fax number as disclosed by the pleadings of record herein, on the 3 day of April, 2023 by:

☐ U.S. Mail         ☐ FAX
☐ Hand Delivered    ☐ UPS
☐ Federal Express    ☒ Other    *CM/ECF*

_____ /s/ *Theresa L. Birch* _____